UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Sears, | No. 2:22-cv-01624-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| City of Oroville, et al., | |
| Defendants. | |

Plaintiff Michael Sears, a law enforcement officer, alleges the City of Oroville discriminated against him on the basis of his race, retaliated against him for reporting harassment and corruption, and deprived him of his rights under the Due Process Clause, among other related claims. The City moves to dismiss two of Sears's claims under Federal Rule of Civil Procedure 12(b)(6). As explained in this order, the motion is **granted with leave to amend**.

I. BACKGROUND

At this stage, the court assumes Sears's allegations are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). He alleges he has worked for the City as a law enforcement officer since before 2017. Compl. ¶¶ 6–7, ECF No. 1. He is African American, and since 2018, he has suffered harsh treatment and racial discrimination at the hands of the police chief and others. *See id.* ¶¶ 6–49. He has also attempted to report misconduct and corruption, but he has been ignored, reprimanded, disciplined, assigned to undesirable work, and micromanaged. *See id.* He is still an

employee, but he is on an unpaid leave of absence due to an unrelated diagnosis of post-traumatic stress disorder and anxiety. *See id.* ¶¶ 50–52. He asserts several claims for violations of his civil rights, racial discrimination, and retaliation, among others. *See id.* ¶¶ 53–68. The City moves to dismiss two of his five claims: claim one, violation of civil rights, and claim four, breach of implied contract. *See generally* Motion, ECF No. 7; Mem., ECF No. 7-1

First, the City focuses on Sears's allegation that the City disciplined him without due process. *See* Mem. at 4–6. In late 2020, the police chief gave Sears a write-up for insubordination. *See* Compl. ¶ 29. According to this write-up, Sears did not complete a required daily activity log, and he doubled up in a patrol car with his partner without permission. *Id.* Sears says the chief singled him out. No other officer or team was required to complete daily logs. *Id.* Nor was any other officer or team prohibited from doubling up. *Id.* But in any event, Sears had actually completed the required log, and he had obtained permission from a lieutenant to double up in the patrol car. *See id.* ¶ 30. The police chief nevertheless concluded the write-up was "substantiated and appropriate." *Id.* ¶ 31. Sears was then removed from certain assignments, ordered to vacate his office, and relegated to an undesirable late-night shift. *Id.* ¶ 32.

Sears claims he never had a fair chance to contest the write-up. *See id.* ¶¶ 53–56. He points out the person who decided to write him up—the police chief—was the same person who decided whether that write-up was substantiated and appropriate. *See id.* ¶¶ 31, 55. Sears also alleges the police chief was biased against him because the chief was involved in the harassment, discrimination, and corruption that Sears had reported and had attempted to stop. For example, earlier that year, Sears had reported a sergeant for sexual harassment, including one incident with a new officer. *Id.* ¶¶ 21–22. An outside law firm investigated and recommended the sergeant's termination. *Id.* ¶ 23. But the chief was close to the sergeant, so he allowed the sergeant to continue working and training new hires, albeit as a patrol officer. *See id.* The next month, the chief refused to investigate a citizen complaint of racial discrimination and told Sears to take care of it: "Here," he said, "you know how to handle *these people*." *Id.* ¶ 24 (emphasis in original). The chief then denied Sears a pay increase and delayed his promotion. *Id.* ¶ 25. The contested write-up soon followed. *See id.* ¶¶ 29–30.

The City next challenges Sears's claim that the City violated its implied covenant to deal with him fairly and in good faith as a party to their employment contract. *See* Mem. at 6. Sears alleges when the City agreed to hire him as a police officer, it implicitly promised to treat him "in accordance with company policies as applied to Caucasian employees." Compl. ¶ 64. He alleges similarly the City violated the terms of its employee handbook, which describes the City as an equal-opportunity employer. *Id.*

Sears opposes the motion. He argues his complaint states viable claims for violation of his due process rights and for breach of the implied covenant of good faith and fair dealing. *See* Opp'n at 7–10. He also argues in the alternative he should be permitted to amend his complaint, including to assert a claim for termination in violation of public policy under *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980). *See id.* at 3, 10–13. The City has replied, ECF No. 11, and the court submitted the matter without hearing oral arguments, Min. Order, ECF No. 17.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Iqbal*, 556 U.S. at 679.

## III. DUE PROCESS CLAIM

The Due Process Clause prohibits the government from depriving a person of life, liberty, and property rights without adequate process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). To prevail on a claim of inadequate process, plaintiffs must show (1) they had a liberty or property interest protected by the Constitution, (2) the government deprived them of

3

that interest, and (3) the government's process was inadequate. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011).

Sears alleges the City deprived him of a property interest. *See* Compl. ¶ 56.[1] He claims he had "a legally recognized property interest in his continued public employment," *id.*, but he does not allege his employment ended. He is on a leave of absence recovering from PTSD and anxiety unrelated to his claims against the City. *Id.* ¶¶ 50–52. These contradictory allegations do not show he is entitled to relief, as required by Rule 8(a)(2).

In his opposition, Sears advances a theory of property rights based on his loss of assignments, the order to leave his office, his new schedule, the denial of his claim for workers compensation, and several lingering internal investigations. *See* Opp'n at 6–7. Statements in an opposition brief do not amend the complaint. *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008). Nor does Sears's opposition identify any independent legal source that could support his revised theory of property rights, as would be necessary to assert a successful due process claim. *See Loudermill*, 470 U.S. at 538. The court grants the motion to dismiss his due process claim.

The City asks the court to dismiss the due process claim without leave to amend. *See* Mem. at 6–7. It argues any amendment would be futile primarily because in its view, Sears does not have a protected property right. *See id.* at 7. It is not possible to say at this point whether Sears could amend his complaint to identify a property or liberty interest that might support a due process claim. Neither Sears nor the City has addressed whether public employees have property or liberty interests against discrimination or retaliation akin to that described in Sears's complaint. Nor is it clear whether Sears could pursue a claim based on the theory that his employment has been terminated in practice if not formally.

The City also argues amendment would be futile because Sears admits he had a chance to contest the write-up, which in the City's assessment was a constitutionally adequate process. *See* Mem. at 5–6. The City relies primarily on the California Court of Appeal's conclusion in *Flippin*

---

[1] The complaint includes two paragraphs numbered 56. This citation references the first of these paragraphs.

4

*v. Los Angeles City Board of Civil Service Commissioners*, that a supervisor can both propose discipline for a public employee and review that proposal in response to a challenge without depriving the employee of due process. *See id.* at 5 (citing 148 Cal. App. 4th 272, 281 (2007)). That is, the City argues it was constitutional for the police chief to both issue the write-up and to conclude it was "substantiated and appropriate" in response to Sears's attack on the write-up. The City's argument blinkers Sears's allegation that the police chief was caught up in the discrimination, harassment, and corruption that Sears was attempting to expose, as summarized above. These allegations, assumed true at this stage, show the chief was not impartial. If a hearing is necessary, as the City concedes in this instance, "an impartial decision maker is essential." *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970). For that reason, a plaintiff can assert a due process claim based on the allegation that the reviewing authority was biased or embroiled in an underlying dispute. *See, e.g.*, *Lanzillo v. City of Riverside*, No. 10-3409, 2010 WL 3171064, at *5 & n.3 (C.D. Cal. Aug. 6, 2010) (denying motion to dismiss and distinguishing *Flippin* in similar circumstances). The court dismisses the motion to dismiss claim one, with leave to amend if possible subject to Federal Rule of Civil Procedure 11.

## IV.   CONTRACT CLAIM

Sears alleges the City breached their implied employment contract. Compl. ¶¶ 63–65. "[I]t is well settled in California that public employment is not held by contract but by statute . . . ." *Miller v. State of California*, 18 Cal. 3d 808, 813 (1977). For that reason, public employees cannot pursue contract remedies; they must rely on remedies "provided by statute or ordinance." *Hill v. City of Long Beach*, 33 Cal. App. 4th 1684, 1690 (1995). "This same general principle of law applies to civil service and noncivil service public employees alike." *Kim v. Regents of the Univ. of Cal.*, 80 Cal. App. 4th 160, 164 (2000). Sears must therefore rely on statutes and ordinances, not contracts.

Sears argues public employees do have contract rights and can pursue contract remedies. *See* Opp'n at 9–10. He relies on the California Supreme Court's decision in *Miller*, cited in the previous paragraph, which in turn cites *Kern v. City of Long Beach*, 29 Cal. 2d 848, 853 (1947). In these decisions, the California Supreme Court did not hold public employees may assert

contract claims. In *Miller*, the court held expressly to the contrary, *see* 18 Cal. 3d at 813, then reiterated its previous holding that when a statute or ordinance obligates the government, that obligation is "protected by the contract clause of the Constitution," *id.* at 815 (quoting *Kern*, 29 Cal. 2d at 853). A pension right, for example, "cannot be destroyed, once it has vested, without impairing a contractual obligation." *Id.* (quoting *Kern*, 29 Cal. 2d at 853). Sears has not alleged the City was so obligated. Accordingly, his complaint does not state a claim.

Sears argues in the alternative he has stated or could state a claim for termination in violation of public policy under *Tameny*, 27 Cal. 3d 167. *See* Opp'n at 10–13. A plaintiff may not assert a *Tameny* claim against a public entity. *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 900 (2008).

That said, the court cannot exclude the possibility that Sears could assert a claim based on the City's own employment policies. He alleges, for example, that the City violated its employee handbook. *See* Compl. ¶ 64. It is not clear at this stage whether the City's actions violated a policy that had the force or effect of a statute or ordinance. *Cf. Kim*, 80 Cal. App. 4th at 165 (holding university regents had "rulemaking and policymaking power" and "their policies and procedures [had] the force and effect of statute"); *Hill*, 33 Cal. App. 4th at 1692 ("[W]e look to the City's charter, civil service rules and regulations, and employee handbook for guidance on [a plaintiff's] employment rights."). Nor is it clear whether Sears could pursue a viable non-contract claim based on the allegation the City violated a statute, ordinance, or policy. For that reason, the court grants the motion to dismiss the fourth claim, with leave to amend if possible.

## V.    CONCLUSION

The court **grants** the motion to dismiss (ECF No. 7) **with leave to amend**. Any amendment must be filed **within twenty-one days**.

IT IS SO ORDERED.

DATED: April 13, 2023.

CHIEF UNITED STATES DISTRICT JUDGE